Filed
3/23/2021 3:31 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2021CVA000552D2

CAUSE NO. 2021CVA000552D2

| | | |
|---|---|---|
| NANCY GALVAN | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| NAQUAILLA JACKSON and | § | |
| MARTEN TRANSPORT, LTD, | § | WEBB COUNTY, TEXAS |
| *Defendants* | | |

**PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND REQUEST FOR TEMPORARY INJUNCTION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Nancy Galvan, files this Plaintiff's Original Petition, complaining of Defendants, Naquailla Jackson and Marten Transport, LTD, and for a cause of action would respectfully show unto the Court the following:

**I.**
**DISCOVERY**

1. Plaintiff intends to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

**II.**
**PARTIES**

2. Plaintiff. Nancy Galvan is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Laredo, Webb County, Texas.

3. Defendant. Naquailla Jackson ("Jackson") is a natural person and at all times relevant to this cause has been and continues to be a resident of Lafayette, Lafayette Parish, Louisiana. Defendant may be served with citation via private process as her residence, 116 Morelan Dr, Apt. 3, Lafayette, Louisiana, or wherever she may be found.

1

4. Defendant. Marten Transport, LTD ("Marten Transport") is a Delaware company doing business in the State of Texas. Defendant Marten Transport may be served with citation via private process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### III.
### VENUE

5. Venue is proper in Webb County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code, § 15.002(a)(1) in that all or a substantial part of the cause of action occurred in Webb County, Texas.

### IV.
### FACTS

6. On February 11, 2021, Plaintiff was driving a 2015 Toyota Highlander ("Plaintiff's vehicle") traveling north on the 100 block W Bob Bullock Loop in Laredo, Webb County, Texas. Defendant Jackson was driving a 2019 Peterbilt Tractor ("Defendants' vehicle"), traveling north on W Bob Bullock Loop in the lane to the immediate left of Plaintiff's lane. As both vehicles approached the intersection at FM 1472, Plaintiff was in a lane that allowed her to either go straight or turn left. Defendant Jackson was in a lane that allowed her to turn left only. As both vehicles proceeded through the intersection, Plaintiff began to make a legal left turn. As Plaintiff turned left, Defendant Jackson disregarded the lane markings and attempted to go straight, failed to maintain her lane of travel, and suddenly, violently, and without warning collided with the driver's side of Plaintiff's vehicle. The force of that impact caused Plaintiff's vehicle to spin out and collided with Defendant's vehicle a second time. As a result of the collision, Plaintiff sustained severe and debilitating injuries.

# V.
# AGENCY AND RESPONDEAT SUPERIOR

7. At the time of the collision and the occurrences giving rise to this cause of action Defendant Jackson was acting within the course and scope of her employment or official duties for Defendant Marten Transport and in furtherance of the duties of her office or employment for Marten Transport.

8. Moreover, at all times relevant hereto, Defendant Jackson was a permissive user of the Defendant vehicle.

9. Additionally, at the time of the collision and at all other time relevant hereto, Defendant Jackson was operating under the authority of Defendant Marten Transport as an interstate or federal motor carrier.

10. Defendant Marten Transport, as the employer and/or motor carrier, is responsible for the negligent acts or omissions of Defendant Jackson under the principles of *respondeat superior* and by/or by virtue of statutory provisions including the Federal Motor Carrier Safety Act.

# VI.
# NEGLIGENCE

11. Plaintiff would show that, on the occasion in question, Defendants owed a duty to conduct himself in a manner consistent with the traffic laws of the State of Texas and to act as a reasonably prudent person and/or entity would act.

12. Defendant Jackson breached her duty to Plaintiff and acted in a manner that was negligent or negligent *per se* by engaging in wrongful conduct including, but not limited to:

> a. Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

    b. Failing to take timely or proper evasive action to avoid the collision in question;

    c. Failing to comply with a traffic control device;

    d. Failing to maintain his lane of travel;

    e. Failing to maintain driver attention; and

    f. Failing to control the subject vehicle so that a collision would not occur;

13. Defendant Marten Transport had a duty to exercise ordinary care to hire, qualify, train, and supervise Defendant Jackson with respect to ensuring that she was and would continue to be a safe driver with knowledge of the matters necessary for the proper operation of the vehicle that she controlled. Defendant Marten Transport breached its duty because:

    a. It knew or should have known that Defendant Jackson was not a capable, qualified, or knowledgeable driver;

    b. It failed to provide the necessary training for Defendant Jackson to operate her vehicle in a safe manner and in conformity with the requirements of the law; and

    c. It failed to supervise Defendant Jackson to ensure that she operated her vehicle in a safe manner and could accomplish her work assignments in a safe manner.

14. Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se* that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiff.

15. Plaintiff would show that, as a proximate result of Defendants' negligence, as described herein, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

## VII.
## DAMAGES

16. As a direct and proximate result of Defendants' negligence, Plaintiff Nancy Galvan, suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of her injuries. For a long time to come, if not for the rest of her life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish. Additionally, as a result of the incident, Plaintiff will incur reasonable and necessary medical expenses in the future.

17. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that she is seeking monetary relief in excess of $1,000,000.00.

18. Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION
### TEMPORARY RESTRAINING ORDER

19. Respondent/Defendant Marten Transport has committed Wrongful Acts. Movant/Plaintiff has filed suit in this matter, but Respondent/Defendant Marten Transport has yet to file an answer. Plaintiff's Original Petition is on file with this court and incorporated herein by reference. Plaintiff's Original Petition included claims for negligence on the part of Respondent/Defendant Marten Transport.

20. Movant/Plaintiff Has a Probable Right to Relief. This case involves serious and debilitating injuries sustained by the Plaintiff. Movant/Plaintiff's injuries occurred through no fault of her own. The facts of this case will clearly demonstrate that the acts and/or omissions of

Respondent/Defendant Marten Transport caused the injuries to the Plaintiff. As such, Movant/Plaintiff has a probable right to relief on the merits.

21. Movant/Plaintiff Will Suffer Probable Injury if Injunctive Relief is Not Granted. The harm is imminent. It is necessary for Movant/Plaintiff to have Respondent/Defendant Marten Transport preserve the subject vehicle in its correct state and location so his representatives can immediately inspect the vehicle, for the purpose of inspecting, measuring, surveying, photographing, videotaping, and examining the subject tractor in order to accumulate and preserve material evidence necessary for the proper investigation and/or determination of the facts and circumstances in question in connection with Movant/Plaintiff's claim under applicable Texas laws.

22. Movant/Plaintiff will sustain imminent and irreparable harm if the relief requested herein is not granted. Movant/Plaintiff has been informed and believes, and on such information and belief, alleges that Respondent/Defendant Marten Transport and/or its respective agents, servants and/or employees have already begun their investigation of the incident made the basis of this lawsuit, that the subject tractor is not being preserved by any investigative authorities, and that material evidence may be lost, altered, or destroyed.

23. The Probable Injury will be irreparable if injunctive relief is not granted. If Respondent/Defendant Marten Transport is not prevented or denied from doing any additional investigation, repairs, testing or moving of evidence, Respondent/Defendant Marten Transport will likely engage in modifications, alterations, repairs or moving of evidence that will impair the development and prosecution of this case.

24. It is critical to the investigation and proof of the Movant/Plaintiff's claims alleged herein and in Plaintiff's Original Petition incorporated by reference that they be allowed to inspect,

measure, survey, photograph, videotape, examine the subject tractor prior to it being altered, moved, or destroyed. Relief is requested in order to accumulate and preserve material evidence, which is necessary for the proper investigation and/or determination of the true facts and circumstances in question in connection with Movant/Plaintiff's claim.

25. **Movant/Plaintiff Has No Adequate Remedy at Law.** There is no legal remedy available to Movant/Plaintiff that will protect her rights and interests in this litigation if critical physical evidence is moved, lost, destroyed, or modified. There are no reliable methods of calculating damages to Movant/Plaintiff if such physical evidence is lost, destroyed, or modified.

26. Movant/Plaintiff has acted timely and is willing to post a bond. The undersigned law firm was recently hired by Movant/Plaintiff to prosecute the causes of action stated herein against Respondent/Defendant Marten Transport and has attempted to reach an agreement concerning the preservation of the subject tractor/trailer combination.

27. Movant/Plaintiff believes that time is of the extreme essence in obtaining the relief requested herein and that, under this emergency situation, there is not enough time to serve notice on Respondent/Defendant Marten Transport and hold a hearing, although Movant/Plaintiff will make every reasonable effort to notify Respondent/Defendant of a hearing on their application for Temporary Restraining Order and/or Temporary Injunction.

## TEMPORARY INJUNCTION

28. Movant/Plaintiff incorporates the foregoing paragraphs by reference as well as the original pleadings on file in this matter.

29. Movant/Plaintiff hereby prays for a temporary injunction prohibiting the following acts by Respondent/Defendant Marten Transport until such time as may be ordered by the Court or agreed to by the parties:

7

    a. Altering, repairing, moving, modifying, damaging, destroying, conveying, transferring, or in any way changing the condition of the tractor/truck that was involved in the subject incident.

30. Movant/Plaintiff is willing to post a bond.

31. Movant/Plaintiff further requests that the Respondent/Defendant Marten Transport be cited to appear and show cause and that upon such hearing, a Temporary Injunction be issued enjoining the Respondent/Defendant Marten Transport, its respective agents, servants, employees, representatives or anyone acting at their direction or in concert with said Respondent/Defendant Marten Transport from altering, repairing, modifying, damaging, destroying, or in any way changing the condition of the subject tractor/trailer involved in the February 3, 2021 incident until at least such time as Movant/Plaintiff has a full opportunity to inspect, measure, survey, photograph, videotape, copy and examine same and additionally for the duration of this litigation as necessary.

32. Movant/Plaintiff further requests that after temporary injunction hearing, this Honorable Court issue a Temporary Injunction directing Respondent/Defendant Marten Transport, to allow Movant/Plaintiff and/or his representatives full and complete access to the subject tractor/trailer combination herewith and relevant to the incident.

## VIII.
## CONDITIONS PRECEDENT

33. All conditions precedent has been performed or have occurred to support the Plaintiff pleadings and causes of action.

# IX.
## NOTICE PURSURANT TO RULE 193.7 TEX. R. CIV. P.

34. Notice is hereby given to Defendants that Plaintiff intends to use all documents produced by each part in pretrial and/or trial of this cause, to the extent allowed pursuant to the Texas Rules of Civil Procedure.

# X.
## REQUEST FOR JURY TRIAL

35. Plaintiff respectfully requests a trial by jury and has paid the jury fee.

## PRAYER

**WHEREFORE,** Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendant for:

1. All medical expenses in the past and future;
2. Mental anguish in the past and future;
3. Physical pain in the past and future;
4. Physical impairment in the past and future;
5. Lost wages and loss of earning capacity in the past and future;
6. Disfigurement in the past and future;
7. Pre- and post-judgment interest as allowed by law;
8. Costs of suit; and
9. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WYATT LAW FIRM, PLLC**
Oakwell Farms Business Center
21 Lynn Batts Lane, Suite 10
San Antonio, Texas 78218
Tel.: (210) 340-5550
Fax: (210) 340-5581
E-service: e-serve@wyattlawfirm.com


By: _/s/ Paula A. Wyatt_
    Paula A. Wyatt
    State Bar No. 10541400
    Gavin McInnis
    State Bar No. 13679800
    Louis Durbin
    State Bar No. 24078448
    **ATTORNEYS FOR PLAINTIFF**